UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

RALPH WILLIAMS                                                                   PLAINTIFF

    vs.                         Case No. 06-3024

MENTOR CORPORATION and
MENTOR MINNESOTA                                        DEFENDANTS

**O R D E R**

On this 4th day of August, 2006, comes on to be considered plaintiff's **Motion to Remand (Doc. 4).** The Court, being well and sufficiently advised, finds that the motion should be **GRANTED.** The Court finds and orders as follows with respect thereto:

1. Plaintiff initiated this action in state court on March 17, 2006, asserting product liability claims arising out of injuries he incurred due to an allegedly defective penile prosthesis manufactured and distributed by defendants. Plaintiff sought damages for permanent partial impairment, loss of ability to earn in the future, scars and disfigurement, and past and future medical expenses, pain and suffering, and mental anguish. In his complaint, plaintiff requested "judgment against the Defendants for a sum of $75,000.00 ... as of the time of the filing of this Complaint." (Doc. 1 Ex. 4 ¶ 29.)

2. On May 11, 2006, defendants removed the action to this court on the basis of diversity jurisdiction. (Doc. 1.) Defendants asserted that plaintiff was actually seeking damages in excess of the $75,000.00 federal jurisdictional requisite, as

-1-

evidenced by a letter from plaintiff's counsel dated April 12, 2006. In this letter, plaintiff's counsel stated:

> We will, if you are seriously interested in settlement, give you the medical records and the medical bills related to the claim, but I do want to correct your assertion that the damages "will remain under Seventy-Five Thousand Dollars ($75,000)." I cannot agree to that. We are suing for less than $75,000 now, but there may be changes in that in the future. I cannot give you an unqualified assurance that we will always seek damages under $75,000.

(Doc. 1 Ex. 2.)

3. Plaintiff moves to remand the action, asserting that defendants' notice of removal is untimely and that, in any event, defendant has not established that plaintiff is seeking damages in excess of the jurisdictional amount. Plaintiff notes that prior to removing the action, defendants submitted requests for admission, asking plaintiff to admit that his damages did not exceed $75,000.00. In response to these requests, plaintiff requested that the state court issue a protective order, asserting that the requests for admission were "not proper at this early stage in the litigation, since the damages are continuing and there is no way for the Plaintiff to determine whether his damages will be below, at or above $75,000.00." (Doc. 4 ¶ 8.)

4. The removal statute provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant ... of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed

> on the basis of [diversity] jurisdiction ... more than 1 year after commencement of the action.

28 U.S.C. § 1446(b) (emphasis added).

5.  Defendants assert that the notice of removal was timely, as it was filed within 30 days of plaintiff's counsel's letter stating that he could not guarantee that plaintiff would not seek damages in excess of $75,000.00 in the future. The Court agrees that this letter may constitute an "other paper" establishing the jurisdictional amount and will therefore construe the notice of removal as timely.

6.  The Court next addresses whether defendants have in fact established that plaintiff is seeking damages in excess of the jurisdictional amount. Where, as here, the complaint alleges damages under the jurisdictional minimum, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *See In re Minnesota Mut. Life Ins. Co. Sales Practices Litigation*, 346 F.3d 830, 834 (8th Cir. 2003).

Defendants assert that it is apparent plaintiff is actually seeking damages in excess of $75,000.00. According to defendants, plaintiff is simply attempting to deny the defendants their right to remove this action to federal court by waiting to amend his complaint to increase his claim for damages until after one year has passed from the filing of the complaint.

While the Court is sympathetic to defendants' concerns, it cannot assume jurisdiction over this action based on defendants'

suspicion that plaintiff will eventually amend his complaint to seek damages exceeding $75,000.00. The Court notes that there are protections available to address defendants' concerns.

There is no bar on multiple attempts to remove civil actions. *See Benson v. SI Handling Systems, Inc.*, 188 F.3d 780, 783 (7th Cir. 1999). Thus, once the state court rules on plaintiff's request for a protective order, if discovery verifies that plaintiff is seeking in excess of the federal jurisdictional minimum, defendant may file another notice of removal. Defendant may also file another notice of removal if plaintiff does in fact amend his complaint to seek damages exceeding $75,000.00. Of course, as defendants noted, under 28 U.S.C. § 1446(b), if plaintiff amends his complaint more than a year after he commenced the action, defendant would be unable to remove the action to federal court based on diversity jurisdiction. However, defendants have a remedy to this potential scenario in state court. Under Rule 15(a) of the Arkansas Rules of Civil Procedure, defendants may move to strike the amended complaint on the grounds of prejudice.

7. Based on the foregoing, plaintiff's **Motion to Remand (Doc. 4)** is **GRANTED** and this case is hereby **REMANDED** to the Circuit Court of Searcy County, Arkansas.

Plaintiff's request for attorney's fees and costs is **DENIED.**

Plaintiff's **Motion to Suspend Requirements of Scheduling Order Until the Court Rules on the Motion to Remand (Doc. 12)** is **DENIED** as moot.

IT IS SO ORDERED.

/S/JIMM LARRY HENDREN
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE
